# In the United States Court of Federal Claims

No. 16-531C
Filed: August 1, 2017
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| SWAIN COUNTY, NORTH CAROLINA, | ) ) ) ) ) ) ) ) ) ) ) | RCFC 59(a), Motion for Reconsideration. |
| Plaintiff, | | |
| v. | | |
| THE UNITED STATES, | | |
| Defendant. | | |

*Thomas L. McGovern, III*, Counsel of Record, *Christine Reynolds*, Of Counsel, *Katherine L. Morga*, Of Counsel, *Douglas P. Wheeler*, Of Counsel, Hogan Lovells US LLP, Washington, DC, for plaintiff.

*Tara K. Hogan*, Assistant Director, *Claudia Burke*, Assistant Director, *Robert E. Kirschman*, *Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

On May 24, 2017, plaintiff, Swain County, North Carolina ("Swain County"), filed a motion for reconsideration of the Court's April 26, 2017, Memorandum Opinion and Order (the "April 26, 2017, Decision"), granting the government's motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **DENIES** plaintiff's motion for reconsideration.

## II.     BACKGROUND

In this breach of contract action, Swain County asserts breach of contract, failure to cooperate and breach of the implied duty of good faith and fair dealing, anticipatory repudiation, and declaratory relief claims against the United States. *See generally* Compl. Specifically, Swain County alleges that the United States has breached a settlement agreement by and between the Tennessee Valley Authority, the United States Department of the Interior, and Swain County (the "2010 Agreement"), by failing to make certain payments required under that agreement. Compl. ¶¶ 1, 45-51, 60-79. As relief, Swain County seeks to recover $39,200,000.00 in monetary damages from the government and certain declaratory relief. Compl. at Prayer for Relief.

On April 26, 2017, the Court issued the April 26, 2017, Decision dismissing this matter for lack of subject-matter jurisdiction because: (1) plaintiff's breach of contract claims are not for "presently due" money damages; and (2) the Court may not consider Swain County's request for declaratory relief under the Tucker Act. *See generally* April 26, 2017, Decision. On May 24, 2017, Swain County filed a motion for reconsideration of the April 26, 2017, Decision, pursuant to RCFC 59(a). *See generally* Pl. Mot. On June 30, 2017, the government filed a response and opposition to Swain County's motion for reconsideration. *See generally* Def. Resp. On July 14, 2017, Swain County filed a reply in support of its motion for reconsideration. *See generally* Pl. Reply.

These matters having been fully briefed, the Court resolves the pending motion for reconsideration.

## III.    LEGAL STANDARD

Motions for reconsideration are governed by RCFC 59(a), which provides:

(1) ***Grounds for New Trial or Reconsideration.*** The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows . . .

    (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1)(C). This Court has held that "[t]o prevail upon a motion for reconsideration under RCFC 59, the movant must identify a 'manifest error of law, or mistake of fact.'" *Shapiro*

*v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)). "Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice." *Id*. at 361 (citing *Petro-Hunt, L.L.C. v. United States*, 2012 WL 1957929, at *1 (Fed Cl. May 30, 2012)); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016). In addition, granting such relief requires "'a showing of extraordinary circumstances.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Const. Corp.*, 44 Fed. Cl. at 300).

This Court has also held that motions for reconsideration "may not be used simply as 'an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.'" *Johnson*, 126 Fed. Cl. at 560 (quoting *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000)). And so, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

### IV.   LEGAL ANALYSIS

In its motion for reconsideration, Swain County argues that the Court should reconsider the April 26, 2017, Decision for two reasons. First, Swain County argues that the Court erred "in misapplying, or failing to apply, controlling precedent regarding the Government's breach of its implied duties of cooperation and good faith and fair dealing." *Id*. at 1. Specifically, Swain County argues that "the Court's opinion assumes that because the 2010 Agreement between Swain County and the U.S. Department of the Interior does not expressly require payment until 2020, Swain County cannot plead a related breach of the Government's implied duty of cooperation to request funds from Congress in a timely manner," contrary to the Federal Circuit's decision in *Agility Pub. Warehousing Co. v. Mattis*, 852 F.3d 1370 (Fed. Cir. 2017). *Id*. at 1-2.

Second, Swain County argues that reconsideration of the April 26, 2017, Decision is warranted, because denial of Swain County's motion for reconsideration would result in manifest injustice by depriving the citizens of Swain County of "their day in court" and rewarding the

3

government's alleged misconduct. *See id*. at 2, 10-12; Pl. Reply at 9-13. And so, Swain County requests that the Court "allow Swain County's claims to proceed on the merits." Pl. Mot. at 2.

A careful review of Swain County's motion for reconsideration shows that Swain County has not met its burden to show that reconsideration of the Court's April 26, 2017, Decision is warranted. And so, for the reasons set forth below, the Court **DENIES** Swain County's motion for reconsideration.

### A. Plaintiff Has Not Demonstrated An Intervening Change In Controlling Law

As an initial matter, Swain County has not demonstrated the existence of an intervening change in controlling law that would warrant reconsideration of the Court's April 26, 2017, Decision. In a footnote to its motion for reconsideration, Swain County argues that "[t]o the extent that the Court believes that the [Federal Circuit's] holding in [*Agility Pub. Warehousing Co. v. Mattis*, 852 F.3d 1370 (Fed. Cir. 2017)] is inconsistent with the [Federal Circuit's] holding in [*Metcalf v. United States*, 742 F.3d 984 (Fed. Cir. 2014)], release of the *Agility* opinion by the Federal Circuit constitutes 'an intervening change in the controlling law' and an independent basis for granting this motion." Pl. Mot. at 6 n2. But, as Swain County acknowledges in its motion for reconsideration, the Federal Circuit issued the *Agility* decision on April 4, 2017, prior to the Court's decision to dismiss this matter for lack of subject-matter jurisdiction. *Id*. And so, Swain County has not demonstrated the existence of an intervening change in controlling law that would warrant reconsideration of the April 26, 2017, Decision. *Shapiro*, 105 Fed. Cl. at 361.

### B. Plaintiff Has Not Demonstrated A Manifest Legal Error

The Court is also unpersuaded by Swain County's argument that reconsideration is appropriate in this case, because the Court did not appropriately apply the Federal Circuit's recent decision in *Agility,* and other relevant precedent, in reaching the decision to dismiss this case upon jurisdictional grounds. In its motion for reconsideration, Swain County argues that the Court committed a legal error "in misapplying, or failing to apply, controlling precedent regarding the Government's breach of its implied duties of cooperation and good faith and fair dealing." Pl. Mot. at 1. And so, Swain County argues that the Court failed to apply the controlling legal precedent set forth in *Agility* and in *Metcalf* that a "'breach of the *implied* duty

of good faith and fair dealing does not require a violation of an *express* provision in the contract.'" *Id*. at 5 (quoting *Metcalf*, 742 F.3d at 994) (emphasis existing); *see also Agility*, 852 F.3d at 1384 (quoting *Metcalf*, 742 F.3d at 994). Swain County's argument is misguided.

In *Agility* the Federal Circuit once again recognized that a breach of the implied duty of good faith and fair dealing does not require violation of an express provision in the contract. *See Agility*, 852 F.3d at 1384 (quoting *Metcalf*, 742 F.3d at 994). For this reason, the Federal Circuit concluded that the Armed Services Board of Contract Appeals (the "ASBCA") erred in that case by not independently considering whether there had been a breach of an implied duty stemming from the contract at issue, after the ASBCA determined that an express contractual term had not been breached. *Agility,* 852 F.3d at 1383-85. And so, the Federal Circuit remanded the case to the ASBCA.

*Agility* does not, however, alter the well-established requirement that a valid contract claim under the Tucker Act must be limited to actual, presently due money damages from the United States. *See, e.g. United States v. King*, 395 U.S. 1, 3 (1969). Nor, as the government observes in its opposition, does *Agility* "[overrule or expand] the longstanding rule in this circuit that the implied duty of good faith and fair dealing cannot expand another party's contractual duties beyond those in the express contract." Def. Resp. at 4.

The Court's April 26, 2017, Decision is also fully consistent with *Agility* and other Federal Circuit precedent. In the April 26, 2017, Decision the Court concluded that it "does not possess jurisdiction to consider plaintiff's breach of contract claims, because Swain County has no right to 'presently due' money damages under the 2010 Agreement." April 26, 2017, Decision at 10. The Court also concluded that it did not possess jurisdiction to consider Swain County's claim for declaratory relief, because the requested relief does not fall within any of the categories of relief described in the Tucker Act and the requested declaratory relief is not necessary to the resolution of any claim for money presently due and owing. April 26, 2017, Decision at 14.

In reaching this decision, the Court neither addressed, nor resolved, whether there has been a breach of an express contract by and between Swain County and the government. *See generally* April 26, 2017, Decision. The Court also did not address, or resolve, the merits of any of Swain County's other claims, including the claims for failure to cooperate and breach of the

5

implied duty of good faith and fair dealing.[1]  *Id*.  Indeed, as the Court stated in the April 26, 2017, Decision, the Court only concluded that the dismissal of this action was warranted because "[a] plain reading of the complaint and the 2010 Agreement makes clear that the Court does not possess jurisdiction to consider Swain County's breach of contract and declaratory relief claims." April 26, 2017, Decision at 14.  Given this, the Court's decision to dismiss this matter on jurisdictional grounds is consistent with *Agility* and other Federal Circuit precedent.  *See Agility*, 852 F.3d 1370; *Metcalf*, 742 F.3d 984.  And so, Swain County has simply not demonstrated that it is entitled to reconsideration of the Court's April 26, 2017, Decision upon the basis of a manifest error of law.  *Shapiro,* 105 Fed. Cl. at 361; *see also* RCFC 59(a).

### C. Plaintiff Has Not Demonstrated A Manifest Injustice

Swain County similarly fails to demonstrate that reconsideration of the Court's decision is warranted because a manifest injustice will result if the Court denies its motion for reconsideration.  As discussed above, the granting of a motion for reconsideration requires "'a showing of extraordinary circumstances.'" *Caldwell*, 391 F.3d at 1235 (quoting *Fru-Con Const. Corp.*, 44 Fed. Cl. at 300).  In addition, Swain County cannot prevail on a motion for reconsideration based upon a manifest injustice, unless Swain County can demonstrate that any injustice is "'apparent to the point of being almost indisputable.'"  *Ogunniuyi v. United States*, 124 Fed. Cl. 668, 671 (2016) (quoting *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010), *aff'd*, 655 Fed. Appx. 842 (Fed. Cir. 2016), *cert denied*, 137 S.Ct. 409 (2016).  Swain County makes no such showing in this case.

In its motion for reconsideration, Swain County argues that the denial of its motion would result in a manifest injustice because, the citizens of Swain County will be denied "their day in court" and such a denial would reward the government's inaction in seeking appropriations to pay Swain County.  Pl. Mot. at 2, 10-12; Pl. Reply at 9-13.  Swain County's

---

[1] Swain County correctly notes that the Court observed in the April 26, 2017, Decision that, "[e]ven if the Court were to accept plaintiff's argument that the government has a duty to cooperate in seeking congressional appropriations to fund the future payments required under the 2010 Agreement, the government still has three years left to pursue such appropriations." But, this statement does not address, or resolve, the merits of Swain County's claims. Pl. Mot. at 8 (quoting the April 26, 2017, Decision at 12).

frustration with the delay of the payments provided for in the 2010 Agreement is certainly understandable. As the Court observed in the April 26, 2017, Decision, the unfortunate circumstances giving rise to this contract dispute go back many decades to the ill-fated construction of the North Shore Road—which began in 1943. April 26, 2017, Decision at 2-3.

The determination that the Court does not possess subject-matter jurisdiction to consider Swain County's claims is not, however, an extraordinary circumstance that warrants reconsideration of this matter. Indeed, reconsideration of Swain County's claims at this time would lead to the same result—dismissal of this case because Swain County cannot show that it has a right to actual, presently due money damages under the 2010 Agreement.[2] Given this, Swain County has not demonstrated that a manifest injustice will occur absent reconsideration. And so, the Court declines to grant Swain County's motion for reconsideration.

## V.   CONCLUSION

In sum, reconsideration of this matter would not cure the jurisdictional defects identified in the Court's April 26, 2017, Decision dismissing this matter for lack of subject-matter jurisdiction. Nor would reconsideration prevent a manifest injustice. Given this, Swain County simply has not met its burden to show that it is entitled to relief under RCFC 59(a).

And so, for the foregoing reasons, the Court **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge

---

[2] Swain County points to no case law to support its argument that plaintiff may proceed with its failure to cooperate and breach of the implied duty of good faith and fair dealing claims, where the Court has not found a valid contract claim for actual, presently due money damages. *See generally* Pl. Mot.